IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WAGIJEM MANGKOEREDJO              :          CIVIL ACTION
          Plaintiff

vs.                                              :

AMERICAN AIRLINES, INC. and        :

ERIKA THEE                                  :          NO. 02-4704
          Defendants

## DEFENDANT, ERIKA THEE'S RESPONSE TO PLAINTIFF'S CIVIL ACTION WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIM

1.  Denied. Answering Defendant is without sufficient information to form a belief as to the truth or falsity of the averments set forth in paragraph 1 of Plaintiff's Complaint. Set of averments are, therefore, denied.

2.  The averments of this paragraph are not directed to the Answering Defendant and, therefore, no answer is made.

3.  Admitted.

4-5.  The averments of these paragraphs are not directed to the Answering Defendant and, therefore, no answer is made.

6.  Denied as legal conclusion which requires no response under the Pennsylvania Rules of Civil Procedure.

7.  Denied. Answering Defendant is without sufficient information to form a belief as to the truth or falsity of the averments set forth in paragraph 7 of Plaintiff's Complaint. Set of averments are, therefore, denied.

8.    Denied. Answering Defendant is without sufficient information to form a belief as to the truth or falsity of the averments set forth in paragraph 8 of Plaintiff's Complaint. Set of averments are, therefore, denied.

9.    It is specifically denied that Answering Defendant was careless or negligent. It is further specifically denied that any spill which might have occurred was the result of any activity by the Answering Defendant. It is admitted, upon information and belief, that responding Defendant was seated next to Plaintiff.

10-16. The legal conclusions contained herein require no response and are, therefore, denied. The factual averments are likewise denied since Answering Defendant is without sufficient information to form a belief as to the truth or falsity thereof.

## FIRST CAUSE OF ACTION

17.    Responsive paragraphs 1 through 16 are incorporated herein as though fully set forth at length.

18-22. The averments of these paragraphs are not directed to the Answering Defendant and, therefore, no answer is made.

WHEREFORE, it is requested that judgment be entered in favor of the Answering Defendant.

## SECOND CAUSE OF ACTION

23.    Responsive paragraphs 1 through 22 are incorporated herein by reference as though fully set forth at length.

24-27.  The averments of these paragraphs are not directed to the Answering Defendant and, therefore, no answer is made.

28.    The legal conclusions contained herein require no response and are, therefore, denied.  By way of further answer, the preceding responsive paragraphs are incorporated herein by reference as though fully set forth at length.

29.    Denied as legal conclusion which requires no response.

WHEREFORE, it is requested that judgment be entered in favor of the Answering Defendant.

### THIRD CAUSE OF ACTION

30.    Responsive paragraphs 1 through 29 are incorporated herein by reference as though fully set forth at length.

31.    It is admitted, upon information and belief, that the Answering Defendant was seated next to Plaintiff.  It is denied that Answering Defendant contacted, bumped or otherwise jarred the Plaintiff.  It is further denied that Answering Defendant contacted, bumped or otherwise jarred the seat back tray.  It is denied that Answering Defendant caused the spill of which Plaintiff complains.  The legal conclusions contained herein require no response and are, therefore, denied.

32.    Denied that Answering Defendant was careless or negligent.  Each and every specific averment asserting negligence or carelessness is likewise denied.  To the contrary, Answering Defendant acted reasonably under the circumstances at all times pertinent hereto.  By way of further answer, the legal conclusions contained herein are denied as requiring no response.

33.    Denied as legal conclusion which requires no response.  Denied that Answering Defendant was careless or negligent.  By way of further answer, the preceding responsive paragraphs are incorporated herein by reference as though fully set forth at length.

34.    Denied as legal conclusion which requires no response.

WHEREFORE, it is requested that judgment be entered in favor of the Answering Defendant.

## 1ST AFFIRMATIVE DEFENSE

35.    The Plaintiff's claims are barred and/or limited by the provisions of the Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A. §7102.

## 2ND AFFIRMATIVE DEFENSE

36.    Plaintiff's claims are barred and/or limited by the failure to mitigate damages.

## 3RD AFFIRMATIVE DEFENSE

37.    Plaintiff's claims are due in whole or in part to an act or acts of commission or omission of persons, parties or entities other than the Answering Defendant and over whom the Answering Defendant had no control or right of control.

## 4TH AFFIRMATIVE DEFFENSE

38.    The Plaintiff assumed the risk of any injuries and/or damages alleged.

WHEREFORE, it is requested that judgment be entered in favor of the Answering Defendant.

## CROSS-CLAIM AGAINST DEFENDANT, AMERICAN AIRLINES, INC.

39.    The averments set forth in Plaintiff's Complaint and directed against Defendant, American Airlines, Inc., are incorporated herein by reference without admission or adoption.

40.    If the assertions set forth by Plaintiff and directed against Co-Defendant, American Airlines, Inc., are proven, then Co-Defendant, American Airlines, Inc. is solely liable to the Plaintiff, and/or jointly or severally liable to the Plaintiff, or liable over to Erica Thee by way of contribution and/or indemnity.

WHEREFORE, it is requested that judgment be entered in favor of the Answering Defendant.

Respectfully submitted,

JENKINS, WOLF, RUBINATE, HASSON & STYLIADES

By:_____
Paul T. Bemiller, Esquire
Public Ledger Building, Suite 500
6th & Chestnut Streets
150 South Independence Mall West
Philadelphia, PA  19106
Attorney for Defendant Erica Thee