IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WAGIJEM MANGKOEREDJO** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **AMERICAN AIRLINES, INC.** and | : | NO. 02-CV-4704 |
| **ERIKA THEE** | : | |

**MEMORANDUM AND ORDER**

Norma L. Shapiro, S.J.                                       November 22, 2002

    This case arises out of the personal injury of plaintiff, Wagijem Mangkoeredjo, on an American Airlines flight.  Plaintiff originally filed this action in the Court of Common Pleas of Northampton County, Pennsylvania.  Defendant American Airlines filed a Notice of Removal on July 16, 2002.  Plaintiff now petitions for remand to state court because the removal was improper.  For the following reasons, the plaintiff's petition will be **GRANTED.**

**I. Background:**

    On July 3, 2000, plaintiff, a citizen of Suriname, South America, was an American Airlines passenger on an international flight from Suriname to Philadelphia via connecting flights through Curacao, West Indies and Miami, Florida.  On the flight from Miami to Philadelphia, plaintiff, seated in an aisle seat, was served a cup of tea by the flight attendant who placed it on

the seat back service tray.  The scalding hot tea was spilled on the plaintiff as the alleged result of careless and negligent conduct of both the flight attendant and Erika Thee, a passenger seated next to the plaintiff.  Plaintiff sustained first and second degree burns to her right thigh, leg and lower extremity.

Count I of the plaintiff's Complaint alleges liability of American Airlines under the Warsaw Convention, 49 U.S.C. § 40105.  Count II alleges in the alternative negligence against American Airlines.  Count III alleges negligence against Erika Thee.

**II.  Discussion:**

American Airlines filed a Notice of Removal based on both federal question jurisdiction under the Warsaw Convention and diversity jurisdiction.  Plaintiff petitions for remand to state court for defects in removal.  First, plaintiff contends that removal cannot be based on federal question jurisdiction under the Warsaw Convention because of judicial estoppel; the Answer of American Airlines, filed in state court prior to removal, denied the applicability of the Warsaw Convention.  This contention clearly lacks merit.  Jurisdictional issues are governed not by the merits of the case, but by the claims of the Complaint.  See Bell v. Hood, 327 U.S. 678 (1946); McNulty v. Travel Park, 853 F. Supp. 144 (E.D. Pa. 1994); 2A Moore's Federal Practice ¶ 8.09[1].  There is federal jurisdiction over plaintiff's claim under the Warsaw Convention regardless of who ultimately prevails on the

merits.

Next, the plaintiff challenges removal based on diversity jurisdiction because American Airlines failed to join Erika Thee in its notice of removal as required by 28 U.S.C. § 1441. See Chicago, R. I. & P. Ry. Co. v. Martin, 178 U.S. 245 (1900).

American Airlines does not dispute the failure of the co-defendant to join in the notice of removal, but contends that any challenge to removal based on diversity jurisdiction is moot, because joinder of a co-defendant is unnecessary when removal is based on federal question jurisdiction.

The applicable sections of the removal statute, 28 U.S.C. § 1441, read as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
>
> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Section 1446 states, "A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file... a notice of removal..." 28 U.S.C. § 1446. The language, "defendant or defendants," means that removal based on federal question jurisdiction under § 1441(b) requires the consent of all defendants. See, Chicago, Rock Island and Pacific Railway Co. v. Martin, 178 U.S. 245 (1900). See also, A. E. Staley Mfg. Co. v. Fischback & Moore, Inc., 353 F.Supp. 578, 581 (E.D. Pa. 1973). However, under § 1441(c), "when a 'separate and independent' claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the defendant or defendants to the claim that is removable may file a notice to remove the entire case without the consent or joinder of the defendant or defendants to the otherwise nonremovable cause of action." 1A Moore's Federal Practice ¶ 0.168[3.-2-2], at pp. 556-57 (1983); See also, Bernstein v Lind-Waldock & Co. 738 F.2d 179, 183(7th Cir. 1984).

Defendant bases removal not on § 1441(b), but on § 1441(c), for which joinder of all defendants is unnecessary. However, removal under this section is proper only where the claims are "separate and independent." This phrase has been interpreted more narrowly than the notion of separable controversies and reflects Congressional intent to limit removal from state courts.

See American Fire & Casualty Co. v. Finn, 341 U.S. 6, 9-10 (1951).

In Finn, a Texan sued two foreign insurance companies and their Texas agent in state court. Plaintiff claimed alternatively that one of the insurance companies or the agent should provide coverage for a fire loss he suffered. The Supreme Court held that the case was improperly removed under § 1441(c) because there were no "separate or independent" claims for relief. Id. at 16. In defining the "separate and independent" requirement of § 1441(c), the Court stated, "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent cause of action..." Id. at 14. When the plaintiff has suffered a single wrong there are no separate and independent claims, even when "his injury was due to one or the other of several distinct acts of alleged negligence or to a combination of some or all of them." Id. at 13 (citing Baltimore S.S. Co. v. Phillips, 274 U.S. 316 (1927)).

Where the plaintiff's Complaint alleges that the combination of action or inaction of each defendant contributed to plaintiff's injury, the claims are to be viewed as "interlocking" and therefore not "separate and independent" as required by § 1441(c). See e.g., Knowles v. American Tempering Inc., 629 F.Supp. 832, 836 (E.D. Pa. 1985) (worker's personal injury claims against employer, owner of premises, unions and various others

were not separate and independent, because the nature of the duty owed by each defendant differed but the claims were dependent on each other); Bowerman v. Tomhave, 414 F.Supp. 7 (E.D.Pa. 1975)(products liability claim against manufacturer of medical product was not separate and independent from a claim against physician for negligent insertion of product).

American Airlines argues that the plaintiff has set forth separate and independent claims against American Airlines and Erika Thee.  However, under Finn and its progeny these are not "separate and independent" claims under § 1441(c).  The plaintiff's claims raise different legal theories of liability, but they are all based on a single event and a single wrong to the plaintiff.

Defendant American Airlines cannot base removal on § 1441(c) because plaintiff's complaint does not assert a "separate and independent" claim.  Since the alternative bases for removal require the joinder of all defendants, and the individual co-defendant did not consent, this action has been improperly removed to federal court.  Therefore, this court will remand this action to the state court where it was originally filed.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WAGIJEM MANGKOEREDJO** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **AMERICAN AIRLINES, INC. and** | : | NO. 02-CV-4704 |
| **ERIKA THEE** | : | |

### ORDER

AND NOW, this ____ day of November, 2002, for the reasons stated in the foregoing memorandum, it is **ORDERED** that:

1. Plaintiff's Petition for Remand is **GRANTED** and this case is remanded to the Court of Common Pleas of Northampton County, Pennsylvania.

_____
Norma L. Shapiro, S.J.